
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50486 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00151-RT-1 |
| v. | |
| WILLIAM LAWRENCE BILLOW, AKA William Lawrence Billows, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Argued and Submitted July 11, 2013
Pasadena, California

Before: TASHIMA and BYBEE, Circuit Judges, and BENCIVENGO, District Judge.[**]

William Lawrence Billow appeals his convictions for violations of 18 U.S.C.

§§ 2252A(a)(2)(A) and (a)(5)(B).  Billow also claims ineffective assistance of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Cathy Ann Bencivengo, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

counsel for failing to raise a Fourth Amendment claim at trial, and challenges a special condition of supervised release contained in his sentence. The facts are known to the parties. We have jurisdiction pursuant to 28 U.S.C. § 1291. We DISMISS in part, DENY in part, and VACATE AND REMAND in part.

We review Billow's Fourth Amendment claim de novo. *See United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006). Billow concedes that he did not raise his Fourth Amendment claim in the form of a motion to suppress before the district court. Thus, Billow's Fourth Amendment claim is waived, *see* Fed. R. Crim. P. 12(b)(3)(C), (e), and such a waiver "places the issue beyond the scope of our ability to review for plain error." *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002). Rule 12 provides, however, an exception such that "[f]or good cause, [we] may grant relief from th[at] waiver." Fed. R. Crim. P. 12(e). Although Billow asserts that ineffective assistance of counsel provides good cause for failing to raise his Fourth Amendment claim before the district court, Billow has failed to satisfy his burden of showing ineffective assistance of counsel.

We agree with Billow's contention that the record is sufficient for us to decide his ineffective assistance of counsel claim. *See United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). We conclude that

2

Billow's ineffective assistance of counsel claim is without merit. Where, as here, "defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must . . . prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Even assuming that Category One of the search warrant failed to satisfy the particularity and breadth requirements, and that the incorporated affidavit cannot be relied on to cure any deficiencies, the evidence obtained through the exercise of the search warrant would not have been properly subject to exclusion at trial. *See United States v. Sears*, 411 F.3d 1124, 1128, 1130 (9th Cir. 2005). Like *Hill*, where "the officers were 'motivated by considerations of practicality rather than by a desire to engage in indiscriminate "fishing," we cannot say . . . that the officers so abused the warrant's authority that the otherwise valid warrant was transformed into a general one, thereby requiring all fruits to be suppressed.'" *Hill*, 459 F.3d at 977 (quoting *United States v. Tamura*, 694 F.2d 591, 597 (9th Cir. 1982)).

Further, "[p]artial suppression is proper under [our] doctrine of severance, which allows [us] to 'strike from a warrant those portions that are invalid and preserve those portions that satisfy the fourth amendment.'" *Sears*, 411 F.3d at

3

1129 (quoting *United States v. Gomez-Soto*, 723 F.2d 649, 654 (9th Cir. 1984)). "Severance means that '[o]nly those articles seized pursuant to the invalid portions need be suppressed.'" *Id.* at 1129 (quoting *Gomez-Soto*, 723 F.3d at 654). We cannot say that the "warrant is wholly lacking in particularity" or has "serious particularity defects." *Id.* at 1129–30. Moreover, Category Twelve is an "identifiable portion[] of the warrant [that is] sufficiently specific and particular to support severance." *Id.* at 1130. Especially since the incorporated affidavit provided a factual basis for the need to take the computers off the premises for forensic examination. *See Hill*, 459 F.3d at 973–76. Thus, the evidence introduced at Billow's trial was properly seized pursuant to a valid, severable portion of the search warrant, and as such Billow's Fourth Amendment claim is without merit and he cannot establish ineffective assistance of counsel. *See Kimmelman*, 477 U.S. at 375. Therefore, Billow cannot show good cause excusing his waiver under Federal Rule of Criminal Procedure 12(e). *See Murillo*, 288 F.3d at 1135. We DISMISS Billow's Fourth Amendment claim as WAIVED under Federal Rule of Criminal Procedure 12(e).

Billow has brought an independent ineffective assistance of counsel claim for failure to move to suppress before the district court based on his Fourth Amendment claim. The merits of that claim is subsumed in our discussion of

4

Billow's Fourth Amendment claim. As discussed, we find that the record is sufficient for us to determine that Billow's ineffective assistance of counsel claim is without merit. *See Kimmelman*, 477 U.S. at 375; *see also Jeronimo*, 398 F.3d at 1156. We DENY Billow's ineffective assistance of counsel claim.

Finally, Billow concedes that he did not object before the district court to his special conditions of supervised release, and that, as a result, we must review this claim for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010); *see also Henderson v. United States*, 133 S. Ct. 1121, 1130–31 (2013). "[A] district court has discretion to impose special conditions of supervised release," subject to the limitations of 18 U.S.C. § 3583(d). *United States v. Collins*, 684 F.3d 873, 889 (9th Cir. 2012). But, "[a] sentencing judge must explain a sentence sufficiently to communicate 'that a reasoned decision has been made' and 'permit meaningful appellate review.'" *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)). The district court "need not state at sentencing the reasons for imposing each condition of supervised release," however, "*if it is apparent from the record*." *Id.* at 1260–61. The burden is on the Government, however, to establish "that a particular condition of supervised release involves no greater

deprivation of liberty than is reasonably necessary to serve the goals of supervised release." *Collins*, 684 F.3d at 889; *see also Rudd*, 662 F.3d at 1263.

The residency restriction at issue here is identical to that in *Rudd* and practically identical to that in *Collins*. *See Collins*, 684 F.3d at 880; *Rudd*, 662 F.3d at 1259. Here, the district court did not provide any specific explanation for the residency restriction; the district court merely recited the special condition into the record. The district court did provide some general explanation as to why Billow's punishment was justified, but while the district court's general statements might provide some underlying support for the residency restriction, they do not come close to satisfying the requirement that the district judge "explain[] why the . . . severe residency restrictions 'involve[d] no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.'" *See Collins*, 684 F.3d at 891. Furthermore, Billow's residency restriction affects substantial rights. *See id.* at 890. Thus, we hold that the district court committed plain error. *See Henderson*, 133 S. Ct. at 1130–31.

In sum, we DISMISS as WAIVED under Federal Rule of Criminal Procedure 12(e) Billow's Fourth Amendment claim, DENY Billow's ineffective assistance of counsel claim, and VACATE Special Condition No. 19 and REMAND Billow's sentence to the district court "to provide the appropriate

analysis and support for its imposed terms and conditions of supervised release."

*Collins*, 684 F.3d at 892.

**DISMISSED IN PART, DENIED IN PART, VACATED AND REMANDED IN PART.**